[Docket No. 20]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| CEDAR FOOD MART X, | |
| Plaintiff, | Civil No. 19-14167 (RMB/KMW) |
| v. | **OPINION** |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

APPEARANCES:

JOHN P. MORRIS, ESQ.
142 West Broad Street
P.O. Box 299
Bridgeton, New Jersey 08302
    *Attorney for Plaintiff*

OFFICE OF THE UNITED STATES ATTORNEY
DISTRICT OF NEW JERSEY
By:  Ben Kuruvilla & Thandiwe Boylan, AUSAs
970 Broad Street, Suite 700
Newark, New Jersey 07102
    *Attorneys for Defendant*

**BUMB**, UNITED STATES DISTRICT JUDGE:

    The United States Department of Agriculture, Food and Nutrition Service ("FNS"), which administers SNAP[1] (commonly known as the food stamp program), decided to permanently disqualify Plaintiff, Cedar Food Mart X ("Cedar Food" or the "Store"), from participating in

---

[1] "Supplemental Nutrition Assistance Program."

1

SNAP after finding that the Store had trafficked in SNAP benefits.[2] Pursuant to 7 U.S.C. § 2023(a)(13), Plaintiff seeks judicial review of FNS' final determination.

FNS moves for summary judgment, asserting that no reasonable factfinder could find on this record that Cedar Food did not traffic in SNAP benefits. Cedar Food Mart has filed no opposition to the Motion.[3] For the reasons stated herein, the Motion will be granted.

I. **FACTUAL BACKGROUND**

"Cedar Food Mart X . . . is a convenience store located at 401 N Tennessee Avenue in Atlantic City, New Jersey that opened for business in 2011." [Docket No. 20-7, ¶ 1.] It "became an authorized SNAP retailer on September 9, 2011." [Id., ¶ 3.] "Between May 16, 2017, and February 3, 2019, FNS conducted an undercover investigation of Cedar Food to ascertain the Store's compliance with federal SNAP law and regulations." [Id., ¶ 4.] "On five occasions, Cedar Food

---

[2] Trafficking in food stamps typically involves exchanging food stamps for cash-- often less cash than the face value of the stamps. See, e.g., Freedman v. U.S. Dept. of Agriculture, 936 F.2d 252, 253 (3d Cir. 1991) ("Between November 12 and December 15, 1987, the [store] clerk . . . trafficked in food stamps . . . on four separate occasions, purchasing stamps with a total value of $1,500 for $750 from an undercover investigator for the [FNS]."). As SNAP benefits are now provided electronically on electronic benefit transfer ("EBT") cards, rather than through the use of actual stamps, trafficking usually means "using the SNAP card as a bank debit card for cash not groceries." Famous Int'l Mkt. v. United States, 2018 WL 3015249 at *1 (E.D. Pa. June 15, 2018); see generally, 7 C.F.R. 271.2 (providing six definitions of "trafficking," including, "effecting an exchange of SNAP benefits . . . for cash or consideration other than eligible food.").

[3] Plaintiff's opposition was due August 3, 2020.

2

clerks allowed the undercover investigator to purchase ineligible non-food items with SNAP benefits." [Id., ¶ 5.] "On August 19, 2017, a Cedar Food clerk gave the undercover investigator ten dollars in cash out of the undercover's food stamp account." [Id., ¶ 6.]

Based on all this evidence, FNS charged Cedar Food with trafficking in SNAP benefits on March 2, 2018. [Id., ¶ 7.] Ten days later, "Cedar Food requested an administrative review of the investigative findings as well as an extension of time to assemble supporting information to respond to the charges," as it was entitled to do. [Id., ¶ 8.] "On March 20, 2018, FNS granted Cedar Food additional time to respond to the charges but specified that the extension did not apply to the deadline to request a civil monetary penalty which would still need to be completed within ten days." [Id., ¶ 9.] "On April 5, 2018, Cedar Food replied to the charges brought by FNS," but it "did not request a civil monetary penalty or offer of any of the required documentation regarding a SNAP compliance training program." [Id., ¶ 10.]

"On September 28, 2018, the FNS Retailer Operations Division ('ROD') informed Cedar Food of its determination that the violations alleged in the Charging Letter occurred and that FNS was imposing a permanent disqualification of Cedar Food for the trafficking violation." [Id., ¶ 11.] Furthermore, the FNS ROD's letter "stated that the Store was ineligible for a civil money penalty." [Id.] "On October 11, 2018, Cedar Food[] requested an administrative review by the FNS Administrative Review Board ('ARB') of the trafficking

3

determination made by the" ROD. [Id., ¶ 12.] The ARB reviewed the determination and concluded in its May 21, 2019 Final Agency Decision "that permanent disqualification of Cedar Food from participation as an authorized retailer in the SNAP program was properly imposed." [Id., ¶ 13.] "Specifically, the AR[B] found that a trafficking violation had taken place at Cedar Food and, pursuant to 7 CFR ¶ 278.6(e)(1)(i), no penalty short of permanent disqualification was allowed." [Id.]

## II.  LEGAL STANDARD

When an "aggrieved" party seeks "judicial review" of an adverse "final determination" with regard to participation in SNAP, 7 U.S.C. § 2023(a)(13), "[t]he suit in the United States district court . . . shall be a trial de novo by the court in which the court shall determine the validity of the questioned administrative action in issue." § 2023(a)(15). Thus, although this Court is reviewing a final agency determination, the governing statute provides that this case shall proceed in the same manner as a typical civil action.[4] Therefore, all of the procedural mechanisms under the Federal Rules of Civil Procedure are generally available, including — as relevant to the instant motion — Federal Rule of Civil Procedure 56. Freedman, 926 F.2d at 261 ("de novo review [under § 2023(a)(15)] is compatible

---

[4] Although the statute does not limit this Court's review to facts contained in the administrative record, Freedman, 926 F.2d at 261, in this case, no discovery was taken and "the parties proceeded directly to summary judgment based on the administrative record." [Docket No. 20-1, at 13 n.3.]

with a summary judgment disposition if there are no material facts in dispute. . . . In reality, an ordinary private civil action is a de novo proceeding in the sense that the court makes an original determination of the law and the facts but such a case may, when appropriate, be resolved on summary judgment.").

Summary judgment shall be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if it will "affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is "genuine" if it could lead a "reasonable jury [to] return a verdict for the nonmoving party." Id.

"[W]hen a properly supported motion for summary judgment [has been] made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 250 (citing FED. R. CIV. P. 56(e)). In the face of a properly supported motion for summary judgment, the nonmovant's burden is rigorous: it "must point to concrete evidence in the record"; mere allegations, conclusions, conjecture, and speculation will not defeat summary judgment. Jackson v. Danberg, 594 F.3d 210, 227 (3d Cir. 2010) (citing Acumed LLC v. Advanced Surgical Servs., Inc., 561 F.3d 199, 228 (3d Cir. 2009) ("[S]peculation and conjecture may not defeat summary judgment.")). Failure to sustain this burden will result in entry of judgment for the moving party.

5

The same basic legal analysis applies when a summary judgment motion is unopposed, <u>Anchorage Associates v. Virgin Islands Board of Tax Review</u>, 922 F.2d 168 (3d Cir. 1990), however, the material facts put forth by the movant are deemed undisputed pursuant to L. Cɪᴠ. R. 56.1(a) ("[A]ny material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion.").

### III. ANALYSIS

"It is . . . well established that the plaintiff challenging the administrative action has the burden of proving by a preponderance of the evidence that the charged SNAP violation did not occur." <u>Atl. Deli & Grocery v. United States</u>, Civil No. 10-4363, 2011 WL 2038758, at *4 (D.N.J. May 23, 2011) (Simandle, D.J.) (citing authorities); <u>see</u> <u>also</u>, <u>Irobe v. U.S. Dep't of Agric.</u>, 890 F.3d 371, 378 (1st Cir. 2018) ("All of the courts of appeals that have addressed the burden-of-proof issue under Section 2023 have placed the burden of proof on the party challenging the USDA's finding of liability. We join those courts and hold that when a store challenges the USDA's determination that the store trafficked in SNAP benefits, the store bears the burden of proving by a preponderance of the evidence that its conduct was lawful.") (citing decisions from the 5th, 6th, 7th, and 9th Circuits); <u>SS Grocery, Inc. v. U.S. Dep't of Agric.</u>, 340 F. Supp.3d 172, 180 (E.D.N.Y. 2018) ("Plaintiffs . . . bear the burden of proving by a preponderance of the evidence that the agency's action was invalid."). In this case, Cedar Food has filed no opposition to FNS' Motion for Summary Judgment, and

6

therefore it has come forward with no particular evidence that it did not traffic in SNAP benefits.

Moreover, the evidence in the administrative record — which is undisputed here — does not support a finding by a preponderance of the evidence that Cedar Food did not traffic in SNAP benefits. As set forth above, an undercover investigation revealed several instances of trafficking over a period of approximately 22 months. Cedar Food has provided no argument here that those transactions either did not occur or were somehow justified. [See Docket No. 1.]

Cedar Food has failed to sustain its summary judgment burden of putting forth evidence to support its claim that FNS' determination was invalid.[5] Accordingly, the Motion for Summary Judgment will be granted.

---

[5] Cedar Food Market's Complaint does not alternatively assert that even if FNS' determination as to trafficking was valid, the sanction of permanent disqualification was arbitrary and capricious. See Atl. Deli & Grocery, 2011 WL 2038758 at *5 ("The standard of review for the imposition of a sanction under SNAP is whether the Secretary's action was arbitrary or capricious."). Nonetheless, FNS moves for summary judgment on this issue. Assuming arguendo for purposes of this motion only, that Cedar Food does challenge the severity of the sanction imposed, the Court holds that FNS correctly concluded that the record did not contain "substantial evidence that [the] store . . . had an effective policy and program in effect to prevent [trafficking]," 7 U.S.C. § 2021(b)(3)(B) (emphasis added), and therefore did not arbitrarily or capriciously impose the sanction of permanent disqualification from the SNAP program.

**IV.    CONCLUSION**

For the foregoing reasons, FNS' Motion for Summary Judgment will be granted. An accompanying Order shall issue.


February 2, 2021                           s/Renée Marie Bumb
DATE                                       RENÉE MARIE BUMB
                                           UNITED STATES DISTRICT JUDGE